## 29202. McDAY *et al.* v. LONG.

DECIDED MARCH 20, 1942.

*Gladys Dotson, O'Glen Ray,* for plaintiffs in error.
*A. T. Walden,* contra.

MacINTYRE, J. The plaintiff in the bail-trover action, Jessie Mae Long, claimed titled to the automobile in question by reason of the fact that her husband died seized of it and it had been set aside to her as a year's support. The defendant, Ada McDay, and the intervenors, Mary Calhoun and Geraldine Pierce, claimed possession and title by reason of the following facts: that J. B. Long, the plaintiff's husband, during his life, transferred title to the automobile to Geraldine Pierce, for an alleged consideration of personal services by executing a bill of sale to her, and if not by the bill of sale then by a purported "agreement and will;" that Mary Calhoun loaned Geraldine Pierce some money and Geraldine gave her a bill of sale to secure the debt; that Mary Calhoun was too old to drive the car so she turned it over to her daughter, Ada McDay, who had possession of it when the bail-trover action was brought by the

plaintiff. After the bail-trover action was brought, Mary Calhoun and Geraldine Pierce filed an intervention, and the case went to trial before a judge sitting without a jury, and by election the plaintiff took a money judgment for $250 against the defendant and the intervenors. On appeal the case was reversed by this court on the ground that the evidence demanded a finding in favor of the intervenor Mary Calhoun, as was shown by the evidence and the unimpeached testimony of Geraldine Pierce. *McDay* v. *Long,* 63 *Ga. App.* 421 (11 S. E., 2d, 395). On a second trial the judge, sitting without a jury, at the election of the plaintiff entered judgment against the defendant, the surety on the bond, and the intervenors, for $300. The defendant and the intervenors excepted.

The parties agreed that the title to the automobile was vested in J. B. Long, husband of the plaintiff, before his death, unless he had transferred it to Geraldine Pierce during his lifetime. The car was one of the things set aside to the plaintiff as a year's support, but the defendant and the intervenors contended that it was transferred to Geraldine Pierce on July 29, 1939, by a bill of sale, or by an agreement and will dated December 5, 1938.

The plaintiff contended that the alleged bill of sale of July 29, 1939, and the will and agreement of December 5, 1938, were merely fraudulent schemes and devices through which the defendant and the intervenors claimed possession and title, and that neither of the instruments was bona fide, true, and genuine. The defendants contended that the undisputed evidence showed that Geraldine Pierce was the legal owner of the car by reason of the bill of sale, or the agreement and will. The judge, trying the case without the intervention of a jury, was authorized to find in favor of the plaintiff's contention. It is true that Ada McDay, the defendant, testified as to the execution of the bill of sale of July 29, 1939. However, on cross-examination, though absolutely familiar with the entire transaction, she contradicted herself as to the time that had elapsed between the execution of the will and the execution of the bill of sale, and admitted that she had been convicted of operating a lottery. The judge could therefore disbelieve her entire testimony. Further, in reference to the execution of the bill of sale on July 29, 1939, it appears that Dr. Nash, who treated the deceased for about fifteen months for tuberculosis, testified that he had attended the deceased and that in his opinion, because of his illness, he was mentally un-

able to attend to any business from July 26, to August 4, 1939, and that he died on August 7, 1939. The judge was authorized to find that the defendant and the intervenors perpetrated a fraud on the deceased in having him execute the instrument on July 29, 1939, when he was mentally unable to transact any business. Furthermore, the other witnesses who testified with reference to the transaction contradicted themselves to such an extent as to cast suspicion on the whole transaction.

With reference to the will and agreement alleged to have been executed on December 5, 1939, the instrument purporting to be the will of the deceased as to this particular article of property, has as witnesses Sarah White, Betty Lane, and Rosa Belle Jackson. With reference thereto, Betty Lane testified that Rosa Belle Jackson, who the defendant and intervenor alleged was a witness thereon, was not present when said paper was signed by the deceased. Therefore the paper was not legally sufficient to constitute the will of the deceased, and is of no legal effect. Betty Lane, on cross-examination, testified that "she witnessed the agreement and will dated in December 1938, and also the bill of sale from Geraldine Pierce to Mary Calhoun [which the record disclosed was dated August 20, 1939]; that both of them were made on the same day; that no mention was made of the money when Geraldine Pierce signed the paper." Lillian Hampton, sister of Geraldine Pierce, called R. E. Pruden, a notary public, over the telephone in an attempt to have the will "notarized" after the deceased was dead, and Pruden told her a will did not have to be notarized, that she could not verify Long's signature as he was already dead, but she could verify the signatures of the witnesses, and Lillian Hampton told Pruden she would bring the will by her office the following morning, which she failed to do, but called Pruden a day or so later stating that her sister (Geraldine Pierce) had decided to let the matter work itself out. It also appears from the face of the will that Ada McDay, the defendant, "notarized" the will herself. Taking all the facts and circumstances into consideration, we think the judge was authorized to conclude from the testimony of the witnesses and from the other evidence that the defendant and the intervenors had fraudulently executed the purported instruments, and that therefore the deceased's widow had legal title to the automobile by reason of it having been set aside to her as a part of her year's support.

The defendant and the intervenors contend that the court erred in allowing the foregoing testimony of R. E. Pruden, who worked for a lawyer, on the ground that "it was irrelevant and that it was an inquiry to a lawyer and should be regarded as confidential." It appears from the witness's testimony that she worked for an attorney; that she was not a lawyer but was a notary public; and that the call was made at night while she was at home. The testimony was relevant to aid in proving that the execution of the will was clouded by fraud, for it appeared that Lillian Hampton was calling Pruden at the instance of and for Geraldine Pierce (her sister), an interested party and beneficiary under the will.

It is true that the decision in *McDay* v. *Long,* supra, when the case was formerly before this court, that the evidence demanded a finding in favor of the defendant and the intervenors would be the law of the case if the evidence in the present record did not differ in any material respect from that introduced on the former trial. *Wilson* v. *Clark,* 13 *Ga. App.* 301 (78 S. E. 86). But on a thorough comparison of the two records, the evidence is found to be materially different. It appears that on the first appeal to this court the judgment was reversed because of the uncontradicted testimony of Geraldine Pierce and that the evidence demanded a finding in favor of the intervenor Mary Calhoun, that had been disregarded by the judge. However, Geraldine Pierce was not a witness on the second trial, nor was the effect of her testimony introduced or proved by other uncontradicted evidence. Further, Lillian Hampton, Geraldine Pierce's sister, who contacted R. E. Pruden, a notary public, with reference to having the alleged will "notarized" did not appear and testify on the second trial. The evidence in favor of Mary Calhoun was contradicted. We therefore think the evidence here differed materially from that on the first trial; that all the testimony was conflicting, and the judge was authorized to find that the plaintiff's husband died seized of the automobile, and that it was properly set aside to the plaintiff as part of the year's support, there having been no legal transfer of it to the defendant and the intervenors by Long during his life or by will. The money judgment for the plaintiff was authorized by the evidence.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*